# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

PRIMO C. NOVERO                                                                                       PLAINTIFF

v.                                                No. 4:17CV00649 JLH

DUKE ENERGY FLORIDA, LLC;
URS ENERGY AND CONSTRUCTION, INC.;
and CDI CORPORATION                                                     DEFENDANTS

## **OPINION AND ORDER**

This pro se action arises out of a previous case involving the same parties in the United States District Court Middle District of Florida. Primo C. Novero alleges that in connection with the case, Duke Energy Florida, LLC, URS Energy and Construction, Inc., and CDI Corporation threatened him, defrauded him, and then wrongfully took his personal property in order to pay the costs of defending themselves. Duke Energy has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2)(3), & (6). Document #14. URS and CDI have filed motions to dismiss pursuant to Rule 12(b)(3) & (6). Documents #7 & #16. For the following reasons, the motions are granted.

Novero alleges the following facts in the complaint. He, Duke Energy, URS, and CDI participated in a court-ordered mediation in Jacksonville, Florida, on May 9, 2017. The defendants encouraged Novero to settle and communicated to Novero the benefits he would gain from a settlement. Novero disagreed. Then, the defendants began to discourage Novero and explained to him why he could not win. Novero says the defendants threatened him and told him he would end up with nothing. The mediation failed. The court entered an order dismissing Novero's complaint with prejudice on August 30, 2017. Document #1 at 16. The defendants then filed a joint motion for final judgment. Document #1 at 12. Counsel for CDI and URS authorized counsel for Duke

Energy to submit the joint motion and to mail the a copy via certified mail to Novero at his Arkansas mailing address, which counsel did. *Id*. at 13. The court entered a final judgment dismissing the case on September 13, 2017. *Id*. at 16. The court awarded the defendants taxable costs. *Id*.

Duke Energy maintains that pursuant to Rule 12(b)(2), Novero's claims must be dismissed for lack of personal jurisdiction. Document #14. In order for Novero to survive this motion, the complaint must contain sufficient facts "'to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state. Once jurisdiction ha[s] been controverted or denied, [Novero] ha[s] the burden of proving such facts.'" *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)). Novero may meet his burden to prove that personal jurisdiction exists through the presentation of affidavits and exhibits in opposition to Duke Energy's motion, but he cannot rely on the pleadings alone. *See id*. at 1072-73 (collecting cases).

This action is before the Court on the basis of diversity. 28 U.S.C. § 1332; Document #1 at 2, ¶4. Novero alleges that Duke Energy is a citizen of Florida, URS is a citizen of South Carolina, CDI is a citizen of Ohio. *Id*. at 2-3, ¶ 4. "A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Morris v. Barkbuster, Inc.*, 923 F.2d 1277, 1280 (8th Cir. 1991). Arkansas's long-arm statute confers jurisdiction to the fullest constitution extent. Ark. Code Ann. § 16-4-101. Therefore, the pertinent inquiry is whether the exercise of personal jurisdiction over Duke Energy comports with due process; the crux of this inquiry is to ensure that a court's assertion of personal jurisdiction over a non-resident does not offend "traditional notions

of fair play and substantial justice." *See Dever*, 380 F.3d at 1073; *Int'l Shoe co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Traditional notions of fair play and substantial justice dictate that a defendant must have some warning that he may be haled into court in a particular jurisdiction. A defendant has such a warning when he purposefully avails himself of the benefits and protections of its laws; in other words, one should be aware that he could be sued in a state if he has a substantial connection—minimum contacts—with that state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). The Eighth Circuit has provided five factors for the courts to use in analyzing whether this standard is met:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 912 (8th Cir. 2014). The last two factors "carry less weight and are not dispositive." *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006). There is only one contact with Arkansas alleged in the complaint: Counsel for Duke Energy mailed to Novero's Arkansas address a copy of the defendants' joint motion for a final judgment in the Florida case. Document #1 at 4, ¶8. The motion is attached to the complaint. *Id*. at 12-13. The contact arose out of litigation in another state about events occurring in another state. *Id*. The first three factors, therefore, support the finding that the complaint does not contain sufficient facts to support a reasonable inference that Duke Energy is subject to this Court's jurisdiction. *See Porter*, 293 F.3d at 1076 (concluding that plaintiffs failed to satisfy first two factors even though numerous phone calls and letters were exchanged between the parties).

3

In his opposition to Duke Energy's assertion that the complaint is facially insufficient to support the exercise of personal jurisdiction, Novero has presented no evidence. He continues to rely on the mailing of the joint motion to his Arkansas address. Document #18 at 1, ¶¶ 2-3. As explained, this single contact by mail in regards to litigation in another state does not justify exercise of personal jurisdiction under the Due Process Clause. Therefore, the claims against Duke Energy are dismissed for lack of personal jurisdiction.

URS and CDI maintains that pursuant to Rule 12(b)(3), Novero's claims must be dismissed for improper venue. Documents #7 & #16. Venue is governed by 28 U.S.C. § 1391, which provides:

> A civil action may be brought in–
>
> (1) a judicial district in which any defendants resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any jurisdiction in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). URS and CDI, as entities with the capacity to sue and be sued in their common names, are deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). None of the defendants reside in Arkansas, so subdivision (1) does not apply. The events giving rise to the claim occurred in Florida, so subdivision (2) does not apply. Document #1 at 3, ¶ 5 ("There is an on-going litigation between Plaintiff v. Defendants in the U.S. District Court, Middle District of Florida . . ."); Document #1 at 4, ¶ 9 (alleging the defendants made false representations to Novero

regarding the ongoing litigation in Florida); Document #18 at 1, ¶ 4 ("The verbal threat occurred in Jacksonville, Florida during the Court Order [sic] Mediation."). And finally, another district exists in which the action may be brought based on subdivision (2)—the Middle District of Florida—and so subdivision (3) does not apply. The Eastern District of Arkansas is the wrong venue.

Twenty-Eight U.S.C. § 1406(a) provides that the district court of a district in which is filed a case lying venue in the wrong division or district can dismiss it or transfer it to the district or division in which it could have been brought. This case is dismissed for improper venue.

## CONCLUSION

For the foregoing reasons, the defendants motions are granted. Documents #7, #14, & #16. This action is dismissed without prejudice.

IT IS SO ORDERED this 19th day of January, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE